UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

G & G CLOSED CIRCUIT EVENTS, LLC

          Plaintiff,

  -against-

WILLIAM R. ALBA, individually and d/b/a HANGAR 11 BURGERS & BREWS a/k/a HANGAR 11 BAR & GRILL; WILLIAM L. ALBA, individually and d/b/a HANGAR 11 BURGERS & BREWS a/k/a HANGAR 11 BAR & GRILL; and DON KEW, INC., an unknown business entity d/b/a HANGAR 11 BURGERS & BREWS A/K/A HANGAR 11 BAR & GRILL,

          Defendants.

**MEMORANDUM AND ORDER**

Case No. 22-CV-3248 (FB) (CLP)

*Appearances:*
*For the Plaintiff*:
JOSEPH LOUGHLIN
Law Office of M.L. Zager P.C.
Pob 948
461 Broadway
Monticello, NY 12701

**BLOCK, Senior District Judge:**

      On August 9, 2023, Magistrate Judge Cheryl L. Pollak issued a Report and Recommendation ("R&R") recommending that Plaintiff G & G Closed Circuit Events, LLC's ("G&G") motion for a default judgment be granted. G&G filed this action against Defendants William R. Alba, individually, and d/b/a Hangar 11

Burgers & Brews a/k/a/ Hangar 11 Bar & Grill ("R. Alba"), William L. Alba, individually, and d/b/a Hanger 11 Burgers & Brews, a/k/a Hangar 11 Bar & Grill ("L. Alba"), and Don Kew Inc., an unknown business entity, d/b/a Hangar 11 Burgers & Brews a/k/a Hangar 11 Bar & Grill ("Don Kew") (collectively, "Defendants"), alleging violations of 47 U.S.C. §§ 605 and 553.

Defendants were served with a Summons and Complaint but never answered or responded to the Complaint. The Clerk entered a default against Defendants on August 2, 2022. Magistrate Judge Pollak found that all service and procedural requirements had been satisfied and that the allegations set forth in Plaintiff's Complaint stated valid claims sufficient for this Court to enter a default judgment.

Accordingly, Magistrate Pollak recommended awarding G&G $1,400 in statutory damages and $2,800 in enhanced damages, and that the individual defendants, R. Alba and L. Alba, be held liable for the statutory violation. Magistrate Judge Pollak also recommended that G&G be awarded post judgment interest pursuant to the guidelines set forth in 28 U.S.C. § 1961, and that G&G be permitted to submit a motion for attorney's fees within 30 days of the date of this Order. Finally, she recommended denying G&G's request for prejudgment interest.

Magistrate Pollak's R&R stated that failure to object within fourteen days of the date of the R&R waives the right to appeal, precluding further review either by this Court or the Court of Appeals. No objections were filed. If clear notice has

been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

Accordingly, the Court adopts the R&R without de novo review and directs the Clerk to enter judgment in accordance with the R&R, awarding to G&G $1,400 in statutory damages and $2,800 in enhanced damages, for a total of $4,200 in damages, and appropriate post judgment interest as set forth in 28 U.S.C. § 1961, and that individual defendants R. Alba and L. Alba be held liable for these damages. G&G is also permitted to submit a motion for attorney's fees and costs within 30 days of the date of this Order.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 31, 2023